**CV 12-    3136**

UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS PIAZZA and RANDY URSINI,<br><br>Plaintiffs,<br><br>–against–<br><br>PIAZZA'S ICE CREAM & FROZEN FOOD INC., PATRICIA PIAZZA, and SALVATORE PIAZZA, jointly and severally,<br><br>Defendants. | GLASSER, J.<br><br>AZRACK, M.J.<br><br>FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br>★ JUN 21 2012 ★<br>BROOKLYN OFFICE<br>SUMMONS ISSUED |

## COMPLAINT AND JURY DEMAND

1.      The plaintiffs allege, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that the plaintiffs are entitled to: (i) unpaid wages from the defendants for overtime work for which the defendants did not pay the plaintiffs overtime premium, as required by law; (ii) liquidated damages; and (iii) attorneys' fees and costs of the action.

2.      The plaintiffs further allege, pursuant to the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that the plaintiffs are entitled to (i) unpaid wages from the defendants for overtime work for which the defendants did not pay the plaintiffs overtime premium, as required by law; (ii) liquidated damages for failure to pay overtime wages; (iii) liquidated damages for the failure of the defendants to furnish a statement with each payment of wages; (iv) and attorneys' fees and costs of the action.

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over the plaintiffs' state law claims

pursuant to 28 U.S.C. § 1367. The court has jurisdiction over the plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.    This court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

PARTIES

6.    The plaintiff Nicholas Piazza is and was at all relevant times an adult residing in Richmond County, New York.

7.    The plaintiff Randy Ursini is and was at all relevant times an adult residing in Richmond County, New York.

8.    Upon information and belief, the defendant Piazza's Ice Cream & Frozen Food Inc. is and was at all relevant times a New York corporation with its principal place of business in Richmond County.

9.    Upon information and belief, the defendant Patricia Piazza is and was at all relevant times an adult residing in New York.

10.    Upon information and belief, the defendant Salvatore Piazza is and was at all relevant times an adult residing in New York.

STATEMENT OF FACTS

11.    At all relevant times, the defendants operated a frozen grocery distributorship at 41 Housman Avenue, Staten Island, New York.

12.    The defendants Patricia Piazza and Salvatore Piazza are, or were at all relevant times, shareholders and officers of the business.

2

13.     At all relevant times, the defendants Patricia Piazza and Salvatore Piazza were individuals who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs, and acted directly or indirectly in the interest of employers.

14.     The defendants' business involves the placement of freezers in retail grocery stores. The defendants then keep these freezers stocked with the frozen groceries they distribute. The defendants visit each retail grocery store regularly, first, to determine what products have a low inventory, and second, to deliver the products to restock the inventory.

15.     At all relevant times until approximately January 2012, the defendants employed the plaintiffs to perform these tasks of reordering and delivery.

16.     The plaintiffs were not responsible for engaging the retail grocery stores in conversations or exchanges concerning sales.

17.     Demand for the defendants' business is seasonal, and the plaintiffs' hours worked were also seasonal.

18.     The plaintiffs worked between 40 and 80 hours per workweek.

19.     The defendants paid the plaintiffs approximately $10.00 per hour.

20.     The defendants paid the plaintiffs both by check and in cash.

21.     The plaintiffs worked in excess of forty hours a week, yet the defendants willfully failed to pay the plaintiff overtime compensation for all overtime hours worked.

22.     The defendants paid the plaintiffs' wages without any accompanying statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or

3

rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

23.     Upon information and belief, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

24.     Upon information and belief, while the defendants employed the plaintiffs, the defendants failed to maintain accurate and sufficient records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

25.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 24 as if they were set forth again herein.

26.     At all relevant times, the defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27.     At all relevant times, the defendants employed the plaintiff within the meaning of the FLSA.

28.     Upon information and belief, during each of the three years preceding the date of this complaint, the defendants have had gross revenues in excess of $500,000 per year.

29.     At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to the plaintiffs for the plaintiff's hours worked in excess of forty hours per workweek.

30.     As a result of the defendants' willful failure to lawfully compensate the plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess

4

of forty hours in a workweek, the defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

31.     The defendants failed to keep records in accordance with the FLSA, 29 U.S.C. § 203(c), and 29 C.F.R. § 516.

32.     The defendants failed to post notices of the defendants' employees' rights under the law required by 29 C.F.R. § 516.4.

33.     Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of the plaintiffs' claims from the start of the period of time during which the defendants failed to post such notices.

34.     Due to the defendants' FLSA violations, the plaintiffs are entitled to recover from the defendants the plaintiffs' unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

35.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

36.     The plaintiffs reallege and incorporates by reference paragraphs 1 through 35 as if they were set forth again herein.

37.     At all relevant times, the plaintiffs were employed by the defendants within the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 142-2.14.

38.     The defendants willfully violated the plaintiffs' rights by failing to pay the plaintiffs overtime compensation at a rate not less than one and one-half times the plaintiffs'

hourly wage for each hour worked in excess of forty hours per workweek, in violation of 12 N.Y.C.R.R. 142-2.2.

39.     The plaintiffs are entitled to recover from the defendants the plaintiffs' unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL.

40.     The defendant failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 142-2.7.

41.     Due to the defendant's violation of N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 142-2.7, the plaintiffs are entitled to recover from the defendant liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

42.     The defendants failed to keep records in accordance with 12 N.Y.C.C.R. § 142-2.6.

43.     The defendants failed to post notices of the defendants' employees' rights under the law required by 12 N.Y.C.C.R. § 142-2.8.

PRAYER FOR RELIEF

Wherefore, the plaintiffs pray that this court grant as relief:

a. a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. an award of unpaid overtime compensation due under the FLSA;

c. an award of liquidated damages as a result of the defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216;

d. an award of unpaid overtime compensation, pursuant to the NYLL;

e. an award of liquidated damages for the defendants' willful failure to pay overtime compensation, pursuant to the NYLL.

f. an award of liquidated damages as a result of the defendants' failure to furnish statements with each payment of wages pursuant to the NYLL;

g. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, § 5001;

h. an award of postjudgment interest;

i. an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. such other and further relief as this court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____

Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway Ste 408
New York, NY 10007-2036
Telephone: (212) 229-2249
Dated: New York, New York        Facsimile: (212) 229-2246
      June 19, 2012              **ATTORNEYS FOR PLAINTIFFS**